UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-194 (PAM)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CRAIG DAVID MCCART,<br>Defendant. | POSITION OF THE UNITED STATES WITH RESPECT TO RE-SENTENCING |

Comes now the United States of America, by and through its attorneys, Thomas B. Heffelfinger, United States Attorney for the District of Minnesota, and Michelle E. Jones, Assistant United States Attorney for said District, and hereby respectfully submits this position pleading regarding defendant Craig David McCart, who is scheduled to be re-sentenced on February 24, 2005. For the reasons stated below, the United States recommends that the Court sentence defendant within the range determined by application of the now advisory United States Sentencing Guidelines.

In United States v. Booker, 2005 WL 50108 (U.S. Jan. 12, 2005), the Supreme Court held that the United States Sentencing Guidelines, as written, violate the Sixth Amendment principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004). The Court determined that a mandatory system in which a sentence is increased based on factual findings by a judge violates the right to trial by jury. As a remedy, the Court severed and excised the statutory provision making the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), Booker, 2005 WL 50108, at *16. This ruling results in

a system in which the sentencing court, while informed by the Guidelines, may impose any sentence within the statutory maximum penalty for the offense of conviction. The sentence will be subject to review by the Court of Appeals for "reasonableness." Id. at *24.

Justice Breyer's majority opinion directed that "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Id. at *27. In light of Justice Breyer's opinion, this Court must make a correct calculation under the existing Sentencing Guidelines, and then consider the final guideline calculation when determining the sentence to be imposed.

The position of the United States is that, absent highly unusual circumstances, the sentence in a criminal case should fall within the guideline range as determined by the Court. This view is shared by Congress and the Supreme Court. As every Supreme Court justice in the various opinions in Booker recognized, the Sentencing Guidelines carry out the express national policy, as articulated by Congress, that sentences be uniform across the country to the extent possible and be based on the offender's actual conduct and history. See, e.g., id. at *21 (majority opinion of Breyer, J.) ("Congress' basic goal in passing the Sentencing Act was to move the sentencing system in the direction of increased uniformity."); id. at *19 (same) ("Congress' basic

statutory goal -- a system that diminishes sentencing disparity -- depends for its success upon judicial efforts to determine, and to base punishment upon, the *real conduct* that underlies the crime of conviction."); id. at *42 (dissenting opinion of Stevens, J.) ("The elimination of sentencing disparity, which Congress determined was chiefly the result of a discretionary sentencing regime, was unquestionably Congress' principal aim."); id. at *47 (dissenting opinion of Scalia, J.) ("the primary objective of the Act was to reduce sentencing disparity.").

The Guidelines, aiming to achieve the uniform and appropriate treatment of like crimes, represent the distillation of 15 years of careful study of sentencing practices across the country. The Guidelines, consisting of offense characteristics and various grounds for departure, address all of the considerations relevant to sentencing, as articulated in 18 U.S.C. § 3553(a), such as "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" and "the need to avoid unwarranted sentence

disparities among defendants with similar records who have been found guilty of similar conduct . . . ." Thus, fidelity to the Guidelines best accomplishes the purpose of fair and consistent sentencing, and should occur absent unusual circumstances.

Accordingly, the United States submits that a sentence within the guideline range is presumptively reasonable[1], and accommodates the Congressional purpose, affirmed by the Supreme Court, of obtaining fair sentences which are uniform to the extent possible. The court in United States v. Wilson, 2005 WL 78552 (D. Utah Jan. 13, 2005), shared this conclusion. In Wilson, the court explained at length the reasons supporting this view. It further stated that the Guidelines represent the product of an expert commission, which has studied the sentencing process at great length, under the specific mandate of Congress to fashion recommended sentences which carry out the purposes defined by Congress. The resulting Guidelines, Wilson held, plainly reflect the public's will, as expressed by their democratically elected representatives, in that Congress has repeatedly approved of the Guidelines or acted to adjust them to Congressional preference. Wilson also observed that guided sentencing appears to have had a positive impact in deterring criminal conduct throughout the country, and thus serves the purpose of deterrence as well as punishment and fairness. For

[1]The government anticipates that only sentences outside the guidelines range will be subject to appellate scrutiny for reasonableness in light of the Congressional mandate.

all of these reasons, the Wilson court determined that it "will give heavy weight to the Guidelines in determining an appropriate sentence. In the exercise of its discretion, the court will only depart from those Guidelines in unusual cases for clearly identified and persuasive reasons." Id. at *1.

The defendant urges the Court to affirm its prior sentence of 26 months of imprisonment based on the defendant's lack of criminal history, the likelihood that the defendant will not recidivate and the defendant's alleged diminished capacity. See, Defendant McCart's Sentencing Memorandum and Position Pleading. In its Opinion reversing the district court, the Eighth Circuit held that departure on these bases was not supported by the record or was otherwise improper. In addition, the defendant again alleges that coercive conduct of the United States contributed to his commission of the offense and that his offense level should be reduced for acceptance of responsibility despite his unsuccessful entrapment defense at trial. At his original sentencing, the Court properly rejected these arguments based on the law in this circuit.

For all of the reasons stated above, the government therefore respectfully recommends that the Court sentence the defendant

within the Guidelines range of 46 to 57 months as calculated in the Presentence Investigation Report.

Dated: February 23, 2005

Respectfully submitted,

THOMAS B. HEFFELFINGER
United States Attorney

s/ Lisa A. Biersay

BY: MICHELLE E. JONES
Assistant U.S. Attorney